# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1658 | **DATE** | 3/24/2011 |
| **CASE TITLE** | Ricky Patterson (#B-79307) vs. Rod Blagojevich, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted.    The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $6.59 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee.  The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint.  This case is terminated.  Plaintiff's motions for appointment of counsel [#4] is denied as moot.  Plaintiff remains responsible for the filing fee.  The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

O  [For further details see text below.]                                                      Docketing to mail notices.

---

## STATEMENT

Plaintiff, a prisoner in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff challenges the commissary prices at the Stateville Correctional Center, alleging violation of his due process rights and his rights under Illinois law.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.59.  The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court.  After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.  This payment obligation will follow Plaintiff wherever he may be transferred.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a cognizable federal claim as a matter of law.

**(CONTINUED)**

| | AWL |
|---|---|

Plaintiff's allegations implicate no constitutional right. Because inmates' basic necessities are furnished by the State, they have no protected interest in making commissary purchases. *See, e.g., Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill. 1995) ("Nor can plaintiff reasonably contend that the Constitution embodies some right of a prisoner to purchase anything he wants from the commissary while in the custody of the state"), *citing Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986); *see also Brown v. Gulash*, No. 07 C 0370, 2009 WL 2144592, *5 (S.D. Ill. Jul. 16, 2009); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("we know of no constitutional right of access to a prison gift or snack shop").

Because Plaintiff does not have a constitutional right to purchase commissary items, he has no federally protected right to purchase commissary items at a particular price or to have Defendants restrained from charging exorbitant prices. *Robinson*, 890 F. Supp. at 718; *Brown*, 2009 WL 2144592, at *5; *French v. Butterworth*, 614 F.2d 23, 25 (1st. Cir. 1980); *McCall v. Keefe Supply Co.*, 71 Fed. Appx. 779, 780 (10th Cir. 2003) (holding that an inmate's claim that prison commissary charged "outrageous" prices for goods purchased through the prison commissary failed to state a constitutional claim). Accordingly, Plaintiff's dissatisfaction with commissary prices does not state a claim under 42 U.S.C. § 1983 or federal law. As Plaintiff has failed to state a cause of action under federal law, the Court declines to address his state statutory claims.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."